**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

JERRY PARSONS,

        Plaintiff,

v.                               CIVIL ACTION NO:   2:25-cv-262

C.D. MOYERS, a Kanawha County Deputy Sheriff; and
M.A. DINGESS, a Kanawha County Deputy Sheriff,

        Defendants.

## COMPLAINT

_____

    1.    The plaintiff, Jerry Parsons, brings this action against the defendants, pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights.  Specifically, the plaintiff alleges that his rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Article III, Sections 1 and 10 of the West Virginia Constitution were violated by the defendants when the defendants falsely arrested the plaintiff and when the defendants used excessive and wrongful force during the course of arresting the plaintiff on or about April 20, 2024.

### PARTIES

    2.    The plaintiff, Jerry Parsons, was at all times relevant herein, a resident of Kanawha County, West Virginia.

3.     The defendant, C.D. Moyers, was at all times relevant herein, employed by the Kanawha County Sheriff's Department as a deputy, acting under the authority of a Kanawha County Deputy Sheriff, and was at all times relevant herein acting under the color of the law and within the scope of his employment. The defendant, C.D. Moyers, is sued only in his individual capacity.

4.     The defendant, M.A. Dingess, was at all times relevant herein, employed by the Kanawha County Sheriff's Department as a deputy, acting under the authority of a Kanawha County Deputy Sheriff, and was at all times relevant herein acting under the color of the law and within the scope of his employment. The defendant, M.A. Dingess, is sued only in his individual capacity.

## **FACTS**

5.     On or about April 20, 2024, the plaintiff was speaking with his neighbor in front of his home at 5211 Arrowwood Drive, Cross Lanes, WV 25313.

6.     While speaking with his neighbor, Carlton Caines drove his vehicle down Arrowwood Drive at an excessive speed and swerved his vehicle toward the plaintiff.

7.     Carlton Caines then stopped his vehicle in front of the plaintiff's home and began yelling at the plaintiff.

8.     The plaintiff told Carlton Caines to get off his property before he went inside his home and called 911.

9.     Carlton Caines then drove his vehicle farther down the street before getting out of his vehicle.

10.    Carlton Caines then stood in the middle of the street, pulled out a gun, held it at his side and began yelling at the plaintiff.

11.     Carlton Caines kept yelling at the plaintiff to "Come on down here."

12.     Law enforcement officers then arrived and handcuffed Carlton Caines.

13.     Law enforcement officers took three guns off of the person of Carlton Caines.

14.     The defendants Moyers and Dingess were some of the law enforcement officers that responded to the plaintiff's 911 call regarding Carlton Caines.

15.     The defendant Moyers went to the plaintiff's property to discuss the situation that led to the plaintiff calling 911.

16.     The defendant Moyers then left the plaintiff's property.

17.     Carlton Caines was charged with Brandishing a Deadly Weapon.

18.     Carlton Caines used to live down the street on Arrowwood Drive from the plaintiff.

19.     Carlton Caines's home was torn down.

20.     The remains of Carlton Caines's torn-down home still remained on the property at the time.

21.     Carlton Caines no longer lived on the property.

22.     Carlton Caines no longer had a mailbox on the property.

23.     Arrowood Drive is a private road.

24.     Next, while the plaintiff was at his home, Carlton Caines's wife and daughter began walking toward the plaintiff's home down Arrowwood Drive.

25.     The plaintiff came onto his porch and loudly told the two women, "You are trespassing and you need to leave."

26.     The plaintiff never threatened the two women.

27.     The plaintiff never said anything violent to the two women.

28.     The defendant Moyers then came back onto the plaintiff's property and told him, "Now you're going to jail."

29.     The plaintiff put his hands behind his back as the defendant Moyers then began to place handcuffs on the plaintiff.

30.     The defendant Moyers then spun the plaintiff around.

31.     Next, the defendant Dingess entered the plaintiff's property.

32.     Then, the defendants Moyers Dingess slammed the plaintiff to the ground and placed him in handcuffs.

33.     The plaintiff was 61 years old and weighed 140 pounds at the time.

34.     The plaintiff had a medical procedure on his back the day before.

35.     The plaintiff never punched the defendant Moyers.

36.     The plaintiff never struck the defendant Moyers.

37.     The plaintiff did not attempt to flee from the defendant Moyers or the defendant Dingess.

38.     The plaintiff did not resist arrest.

39.     The plaintiff suffered physical injuries to his face, arms, hands, and back including lacerations and bruises as a result of the actions of the defendants.

40.     The plaintiff was charged with Disorderly Conduct, Battery of an Officer, and Obstructing an Officer.

41.     At the time of the plaintiff's arrest, it was clearly established as a matter of law that a police officer may not seize or arrest an individual without probable cause to believe that the individual had committed, was committing, or was about to commit a criminal offense.

42.    No reasonable police officer in the position of the defendants could have believed that he had legal authority to arrest the plaintiff, given that the plaintiff merely told two people walking down a private road toward his home that they "were trespassing and needed to leave" from the porch of his home on his own property.

43.    No reasonable police officer in the defendants' positions could have believed that it was reasonable to forcefully grab the plaintiff and tackle him to the ground and handcuff him, given the nature of the incident, the plaintiff's non-violent conduct, and the lack of any threat to the safety of the defendants or members of the public.

## **FIRST CAUSE OF ACTION**

### **(42 U.S.C. §1983 – False Arrest)**

44.    The defendants, while acting under the color of law, violated the plaintiff's constitutional rights.

45.    The actions of the defendants violated the constitutional rights guaranteed to the plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution and under Article III, Sections 1 and 10 of the West Virginia Constitution.

46.    The actions of the defendants were not taken in good faith and were in violation of clearly established law.

47.    The defendants violated the plaintiff's constitutional rights, as described and identified herein, by unlawfully arresting the plaintiff on his property on or about April 20, 2024.

48.    The defendants' arrest of the plaintiff was unlawful, as the defendants could not have believed that they had legal authority to arrest the plaintiff, given that the plaintiff merely told two people walking down a private road toward his property that they were "trespassing and needed to leave" from the porch of his home on his own property.

49.     As a direct and proximate result of the defendants' unconstitutional actions, the plaintiff seeks to recover damages in an amount to be determined by the jury to compensate him for:

A.     Physical pain and suffering, past and future;

B.     Mental pain and suffering, past and future;

C.     Injuries resulting from the defendants' conduct;

D.     Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

E.     All other injuries proven by a preponderance of the evidence proximately caused by the defendants.

50.     In addition to these compensatory damages, the plaintiff also seeks to recover, under 42 U.S.C. §1988, the attorney fees and costs incurred during the course of this litigation.

51.     In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, the plaintiff further seeks to have the Court order the defendants to undergo additional training and education addressing the defendants' false arrest of the plaintiff, the development of policies to preclude such actions in the future, and the implementation of discipline against the defendants to hold them accountable for their wrongful actions.

52.     The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the plaintiff, thereby entitling the plaintiff to punitive damages in an amount to be determined by the jury.

## SECOND CAUSE OF ACTION

## (42 U.S.C. §1983 – Excessive Force)

53.    The defendants, while acting under the color of law, violated the plaintiff's constitutional rights.

54.    The actions of the defendants violated the constitutional rights guaranteed to the plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution and under Article III, Sections 1 and 10 of the West Virginia Constitution.

55.    The actions of the defendants were not taken in good faith and were in violation of clearly established law.

56.    The defendants violated the plaintiff's constitutional rights, as described and identified herein, by using excessive force and wrongful force during the course of arresting the plaintiff on or about April 20, 2024.

57.    When the defendants used excessive force against the plaintiff, no objectively reasonable police officer could have perceived the force as necessary.

58.    As a direct and proximate result of the defendants' unconstitutional actions, the plaintiff seeks to recover damages in an amount to be determined by the jury to compensate him for:

       A.    Physical pain and suffering, past and future;

       B.    Mental pain and suffering, past and future;

       C.    Injuries resulting from the defendants' conduct;

       D.    Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

       E.    All other injuries proven by a preponderance of the evidence proximately

caused by the defendants.

59.    In addition to these compensatory damages, the plaintiff also seeks to recover, under 42 U.S.C. §1988, the attorney fees and costs incurred during the course of this litigation.

60.    In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, the plaintiff further seeks to have the Court order the defendants to undergo additional training and education addressing the defendants' use of excessive and wrongful force, the development of policies to preclude such actions in the future, and the implementation of discipline against the defendants to hold them accountable for their wrongful actions.

61.    The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the plaintiff, thereby entitling the plaintiff to punitive damages in an amount to be determined by the jury.

## **THIRD CAUSE OF ACTION**

### **(Battery)**

62.    The defendants committed a battery upon the plaintiff which proximately caused his injuries.

63.    As a direct and proximate result of the defendants' battery, the plaintiff seeks to recover damages in an amount to be determined by the jury to compensate him for:

A.    Physical pain and suffering, past and future;

B.    Mental pain and suffering, past and future;

C.    Injuries resulting from the defendants' conduct;

D.    Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

    E.    All other injuries proven by a preponderance of the evidence proximately caused by the defendants.

64.    The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the plaintiff, thereby entitling the plaintiff to punitive damages in an amount to be determined by the jury.

## FOURTH CAUSE OF ACTION

### (Assault)

65.    The defendants committed an assault upon the plaintiff which proximately caused his injuries.

66.    As a direct and proximate result of the defendants' assaults, the plaintiff seeks to recover damages in an amount to be determined by the jury to compensate him for:

    A.    Physical pain and suffering, past and future;

    B.    Mental pain and suffering, past and future;

    C.    Injuries resulting from the defendants' conduct;

    D.    Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

    E.    All other injuries proven by a preponderance of the evidence proximately caused by the defendants.

67.    The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the plaintiff, thereby entitling the plaintiff to punitive damages in an amount to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Jerry Parsons, prays for the following relief:

1.    Damages set forth in his Complaint, including punitive damages in an amount to

be determined by the jury;

2.    Pre-judgment interest as provided by law;

3.    Attorney fees and costs; and

4.    Such further relief as this Court may deem just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY.

JERRY PARSONS
By Counsel

/s/ John-Mark Atkinson
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd E
Charleston, WV  25311
(304) 346-5100
emboles@amplaw.com
johnmark@amplaw.com